UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT HEARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case: 1:16-cv-02413 |
| v. ) | Assigned To : Unassigned |
| ) | Assign. Date : 12/9/2016 |
| DONALD TRUMP, ) | Description: Pro Se Gen. Civil (F Deck) |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's application to proceed *in forma pauperis* and Plaintiff's civil *pro se* complaint. Generally speaking, Plaintiff alleges that President-elect Donald Trump has been elected in error, and that he therefore should not be allowed to take the oath of office. The Court will grant the application and dismiss the case for lack of subject matter jurisdiction because Plaintiff lacks standing to bring this claim.

To sue in federal court, and thereby state a "case or controversy" under Article III of the U.S. Constitution, a plaintiff must have "the irreducible constitutional minimum of standing." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). First, "the plaintiff must have suffered an 'injury in fact'"—that is, an "invasion of a legally protected interested" which is "concrete and particularized" and "actual or imminent." *Id.* Second, the injury must bear a causal connection to the defendant's challenged conduct. *Id.* And third, it must be "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 561 (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976)).

Applying these principles, the Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that

no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Id.* at 573–74. An ordinary citizen's challenge to the eligibility of a presidential candidate falls squarely within this category of nonjusticiable "generalized grievances." *See, e.g., Berg v. Obama*, 586 F.3d 234, 240 (3d Cir. 2009) (plaintiff lacked standing to challenge eligibility of Barack Obama); *Sibley v. Obama*, 866 F. Supp. 2d 17, 20 (D.D.C. 2012) (same), *aff'd*, No. 12-5198, 2012 WL 6603088 (D.C. Cir. Dec. 6, 2012); *Cohen v. Obama*, No. 08-cv-2150, 2008 WL 5191864, at *1 (D.D.C. Dec. 11, 2008) (same), *aff'd*, 332 Fed. App'x 640 (D.C. Cir. 2009); *Wagner v. Cruz*, No. 16-cv-55, 2016 WL 1089245, at *3 (D. Utah Mar. 18, 2016) (plaintiff lacked standing to challenge eligibility of Ted Cruz), *aff'd*, No. 16-4044, 2016 WL 4926205 (10th Cir. Sept. 15, 2016); *Hollander v. McCain*, 566 F. Supp. 2d 63, 68 (D.N.H. 2008) (plaintiff lacked standing to challenge eligibility of John McCain).

Here, although it is difficult to discern the precise nature of Plaintiff's claim, it is evident that he fails to allege anything more than this kind of generalized grievance. His alleged harm "is too vague," and "its effects too attenuated," to constitute an Article III injury-in-fact. *Id.* The Court, accordingly, lacks subject matter jurisdiction over this case.

An Order consistent with this Memorandum Opinion is issued separately.

DATE: 12/3/16

_____
United States District Judge